UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JAMES BAER,

    Plaintiff,                                    CASE NO. 0:17cv-60208
                                                      ADMIRALTY

vs.

SILVERSEA CRUISES LTD.,

    Defendant.
    _____/

## COMPLAINT

Plaintiff, James Baer ("**Mr. Baer**"), hereby sues Silversea Cruises Ltd. ("**Silversea**") and for a cause of action would show the following:

## GENERAL ALLEGATIONS

1. This is an action for negligence occurring in connection with marine activity and is, therefore, an admiralty claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

3. Mr. Baer is an individual residing in Hillsborough County, Florida.

4. Silversea is a foreign corporation doing business in the State of Florida. Silversea maintains an office from which it conducts business in Miami, Florida.

5. This Court has personal jurisdiction over Silversea because Silversea conducts business in this State and in this judicial district. Further, Silversea consented to the jurisdiction of this judicial district in a written agreement.

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)–(d), because Silversea transacts business in this judicial district. Further, Silversea consented to venue in this judicial district in a written agreement.

7.  Prior to January 6, 2015, Mr. Baer purchased a ticket of passage from Silversea, by which Silversea agreed to allow Mr. Baer passage for a scheduled cruise upon its vessel, the Silver Spirit.

8.  On January 6, 2015, Mr. Baer boarded the Silver Spirit to begin the scheduled cruise.

9.  On or about January 17, 2015, while onboard of the Silver Spirit during the scheduled cruise, Mr. Baer suffered a fall. That fall resulted in Mr. Baer breaking his leg.

10. Following Mr. Baer's fall, the ship's medical personnel administered first aid to Mr. Baer and sent him to his cabin. While Mr. Baer suffered from discomfort, his medical situation was not critical.

11. Silversea personnel subsequently informed Mr. Baer that Silversea was going to place Mr. Baer ashore at Cabo San Lucas, Mexico so that he could undergo further evaluation at an onshore facility. Silversea personnel told Mr. Baer that they were going to have shore side transportation take him to "Shore Hospital" in Cabo San Lucas.

12. Prior to the Silversea's arrival at Cabo San Lucas, Silversea personnel did not discuss Mr. Baer's options with him or ask his preferences. Silversea personnel further failed to inform Mr. Baer as to what would be done with him other than they would deliver him to ground transport that in turn, would transport him to a shore side medical facility.

13. Upon docking at the port in Cabo San Lucas, Silversea personnel assisted Mr. Baer off of the Silver Spirit.

14. Once on shore, Silversea personnel placed Mr. Baer in the custody of ground transport that, on information and belief, Silversea personnel had arranged.

15. Immediately prior to placing Mr. Baer in custody of the ground transport, Silversea personnel provided no information to Mr. Baer about who the ground transportation was or where they were taking him.

16. Ultimately, the ground transport arranged by Silversea took Mr. Baer to Amerimed Hospital in Cabo San Lucas (the "**Hospital**"). Mr. Baer was given no option to go to another medical facility or to not go to any medical facility at all.

17. Prior to Mr. Baer's arrival at the Hospital, Silversea either knew or should have known that the Hospital was the subject of a warning issued by the U.S. Consulate. Specifically, the U.S. Consulate had issued warnings about questionable practices at the Hospital.

18. After Mr. Baer's arrival at the Hospital, a Silversea employee telephoned the Hospital to speak with Mr. Baer. During that conversation, Silversea did not inform Mr. Baer of the warning issued by the U.S. Consulate and took no steps to move Mr. Baer to a reputable hospital.

19. As Mr. Baer was suffering and immobile, he could not go elsewhere.

20. While at the Hospital, medical personnel performed surgery on Mr. Baer's broken leg and committed medical malpractice in the performance of that surgery. As a result of the Hospital's malpractice, Mr. Baer's health declined precipitously and he was required to take an emergency flight to a state side hospital. At the state side hospital, Mr. Baer had to undergo multiple surgeries and lengthy treatments.

## **COUNT I - NEGLIGENCE**

21. Paragraphs 1 through 20 above are re-alleged as if fully stated forth herein.

22. By virtue of assuming the responsibility over Mr. Baer's healthcare and undertaking to send Mr. Baer to a medical facility, Silversea owed a duty to Mr. Baer to handle his situation in a non-negligent fashion.

23. Once onshore, Silversea breached its duty to Mr. Baer by negligently sending him to a facility that did not provide competent medical care and that Silversea knew or should have known was the subject of a U.S. Consulate warning regarding its questionable practices.

24. As a result of Silversea's negligence, Mr. Baer has suffered significant damages, including medical bills in excess of $400,000.00, pain and suffering, loss of enjoyment of life.

WHEREFORE, Plaintiff, James Baer, hereby asks the Court to enter judgment in his favor and against Defendant, Silversea, in the amount of his damages plus costs, interest and all other damages to which Mr. Baer would be entitled.

Dated: January 26, 2017.

s/ *Paul E. Parrish*
Paul E. Parrish
Florida Bar No. 373117
Michael J. Labbee
Florida Bar No. 106058
Quarles & Brady LLP
101 East Kennedy Boulevard, Suite 3400
Tampa, Florida 33602
Phone: 813-387-0300
Facsimile: 813-387-1800
paul.parrish@quarles.com
michael.labbee@quarles.com
lynda.dekeyser@quarles.com
DocketFL@quarles.com
Attorneys for Plaintiff, James Baer

QB\164366.00002\41663364.9